UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENARO LOZA VALENCIA, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, SAMUEL OLSON, and PAMELA BONDI, <br><br> Defendants. | Case No. 25-cv-12829 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Genaro Loza Valencia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court grants the petition [1]. Within seven days of this Order, Respondents are to either (1) afford Petitioner a bond hearing before an Immigration Judge; or (2) release Petitioner from custody under reasonable conditions of supervision.

**I.   Background**

Petitioner, a native and citizen of Mexico, was detained by Respondents on his way to work on October 21, 2025. [1] ¶ 1. Petitioner entered the United States almost 20 years ago, has no criminal history, and his children are United States citizens. [1] ¶ 13; [11] at 16 n.4, 18.

At the time his petition was filed, Petitioner was in detention at the Broadview Detention Center ("Broadview") located within the Northern District of Illinois. [7] ¶ 1. Petitioner was issued a Notice to Appear ("NTA") the day he was detained. [7] ¶ 2. As of Respondents' most recent representation to the Court, Petitioner was still

1

located in Broadview, although Respondents indicated during a status hearing held on October 23, 2025 that Respondents intended to move him to a facility in Clay County, Indiana.

The petition contains a claim for a violation of the Immigration and Nationality Act ("INA")[1] and a claim for a violation of due process under the Fifth Amendment. [1] at 5-6. Petitioner requests as relief that he either be released from custody immediately, or in the alternative, that he be granted a bond hearing pursuant to 8 U.S.C. §1226(a).

## II. Analysis

### a. Overview

As an initial matter, the issues in this case have been litigated before other courts in this district repeatedly over the last several weeks. Courts in this district faced with the legal questions have consistently ruled against Respondents. *See, e.g., Ochoa Ochoa v. Noem, et al.*, No. 25-cv-10865, Dkt. 20 (granting habeas petition and ordering Respondents to provide the petitioner with a bond hearing before an immigration judge or release the petitioner); *H.G.V.U. v. Smith, et al.*, No. 25-cv-10931, Dkt. 34 (same); *Miguel v. Noem, et al.*, No. 25-cv-11137, Dkt. 21 (ordering respondents to provide the petitioner with a bond hearing). The Court agrees with the careful and thorough reasoning set forth in those cases and does not find it necessary to repeat at great length the same analysis here.[2]

---

[1] The Court does not reach Petitioner's INA claim here.
[2] For their part, Respondents acknowledge that they have lost on these issues before multiple courts in this district. Respondents primarily rely on their briefing in *H.G.V.U.* rather than raising any novel arguments before the Court now. *See generally* [10].

2

> b. <u>Jurisdiction</u>

Respondents argue that this Court lacks jurisdiction to hear the case under 8 U.S.C § 1252(g), 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii). The Court does not agree.

> 1. *8 U.S.C. § 1252(b)(9)*

Section 1252(b)(9) provides that the Court of Appeals is the exclusive forum for "judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Respondents contend that this statute divests a district court from considering a habeas petition challenging "the decision to detain [foreign nationals] in the first place or to seek removal." [10] at 35 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (plurality opinion)). That may (or may not) be true, but Petitioner here does not challenge the decision to detain him; rather, he claims he is being that he is being unlawfully detained under the mandatory detention framework of Section 1225(b), as opposed to the discretionary one under 8 U.S.C. §1226(a) [1] ¶¶ 11–19. Section 1252(b)(9) thus does not divest the Court from jurisdiction to hear Petitioner's claim.

> 2. *8 U.S.C. § 1252(g)*

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). For similar reasons as Section 1252(b)(9), Respondents' reliance on Section 1252(g) is misplaced. Petitioner

3

here does not challenge the commencement of any proceeding, the adjudication of any case, or the execution of any removal order. Rather, Petitioner is challenging the purportedly unlawful nature of his detention without a bond hearing. Such a challenge does not fall under Section 1252(g)'s gambit. *See Jennings*, 583 U.S. at 294 (holding that Section 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General"; instead, the Supreme Court "read[s] the language to refer to just those three specific actions themselves.").

3. 8 U.S.C. § 1252(a)(2)(B)(ii)

Section 1252(a)(2)(B)(ii) precludes judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). But Petitioner here challenges the "extent of the [Government's] authority under the . . . detention statute[s]," which the Supreme Court has held "is not a matter of discretion." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Section 1252(a)(2)(B)(ii) thus does not bar jurisdiction, either.

c. Exhaustion and Ripeness

Respondents also argue that Petitioner has not exhausted all available administrative remedies because he has not attempted to appeal the denial of bond to the BIA. First, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Moreover, this

4

argument is Kafkaesque. Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because "[t]here is nothing to indicate the BIA would change its position" "[once] the BIA has 'predetermined' the statutory issue." *Gonzalez*, 355 F.3d at 1019 (cleaned up).

    d. <u>Basis for Detention</u>

Petitioner argues that his detention should be analyzed under 8 U.S.C. § 1226(a). Respondents argue that his detention should be analyzed under 8 U.S.C. § 1225(b)(2). The *Ochoa Ochoa* court succinctly explained the differences between the two frameworks:

> Section 1226(a) sets out the "default rule" for the discretionary detention of noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), immigration authorities may make an initial determination as to detention, but noncitizens may then request a bond hearing before an [Immigration Judge]. 8 C.F.R. § 1236.1(c)(8), (d)(1). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d); *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006)).
>
> By contrast, § 1225 governs the detention of those "seeking admission." An applicant for admission is defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States," § 1225(a)(1), and "fall[s] into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings*, 583 U.S. at 288. The second category creates a catchall mandatory detention provision: "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for [full removal proceedings under § 1229]." 8 U.S.C. § 1225(b)(2)(A). Unlike noncitizens detained under § 1226(a), those detained under § 1225 may only be released "for urgent

> humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

*Ochoa Ochoa*, Case No. 25-cv-10865, Dkt. 20 at *9.

For the reasons explained in *Ochoa Ochoa*, the Court concludes that Petitioner was "already present in the United States" at the time of his detention (he had been living here for 20 years after all) and that the mandatory detention provision in Section 1225(b)(2)(A) is thus inapplicable. Respondents' argue that "applicant for admission" should be read to mean "seeking admission." [10] at 42. This interpretation runs counter to the "cardinal principal of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 811 (7th Cir. 2016) (citations omitted); *see also Ochoa Ochoa*, Case No. 25-cv-10865, Dkt. 20 at *12-13.

Respondents also cite *Matter of Yajure Hurtado*, a decision issued by the Board of Immigration Appeals ("BIA") on September 5, 2025. There, the BIA reversed its longstanding interpretation of the INA and held that "Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission." 29 I&N Dec. 216 (BIA 2025). Like other courts in this district, this Court rejects the BIA's interpretation in *Yajure Hurtado* as incorrect as a matter of law and declines to follow it. *H.G.V.U*, Case No. 25-cv-10931, Dkt. 34 at *10; *Ochoa Ochoa*, Case No. 25-cv-10865, Dkt. 20 at *14.

6

The Court thus holds that Petitioner is subject to the discretionary detention provisions of Section 1226(a) rather than the mandatory provisions of 1225(b)(2).

    e. <u>Due Process</u>

The Due Process Clause of the Fifth Amendment applies to noncitizens, "whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Government detention in immigration proceedings may violate that Clause unless "in certain special and narrow nonpunitive circumstances where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id*. at 690 (cleaned up). Courts apply a three-factor balancing test to determine whether a violation of procedural due process has occurred: (1) the private interest implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

Under this framework, the Court concludes that Petitioner's detention without a bond hearing violates procedural due process. In short, Petitioner has a significant interest in being released from custody, Respondents' actions create a substantial risk of depriving Petitioner of that interest, and the fiscal and administrative burdens to the Government are comparatively miniscule.

    f. <u>Castañon Nava</u>

7

Petitioner also argues that he is entitled to relief under *Castañon Nava*. In *Castañon Nava*, plaintiffs filed a class action lawsuit against the Department of Homeland Security ("DHS") and the U.S. Immigration and Customs Enforcement (ICE) seeking to ensure that ICE complied with its statutory obligations when conducting warrantless arrests of persons who have not obtained lawful immigration or citizenship status in the United States. *Castañon Nava v. Dep't of Homeland Sec.*, No. 18-CV-3757, 2025 WL 2842146, at *1 (N.D. Ill. Oct. 7, 2025). The parties entered into a settlement agreement which imposed several obligations on ICE related to warrantless arrests and, among other things, provided that class members arrested contrary to the terms of the agreement "shall be released from custody on their own recognizance without posting bond as soon as practicable." *Id.* at *5. The Court declines to consider whether Petitioner is entitled to relief under the *Castañon Nava* agreement and notes that there is a process by which individuals can seek to join the *Castañon Nava* class.[3]

## III. Conclusion

For the foregoing reasons, the Court grant's Petitioner's petition for writ of habeas corpus [1]. Within 7 days of the issuance of this order, Respondents are ordered to either: (1) afford Petitioner a bond hearing before an Immigration Judge; or (2) release Petitioner from custody under reasonable conditions of supervision. The parties are to file a joint status report 10 days after the issuance of this order.

---

[3] *See* Referral Form: Castanon Nava Settlement Violations, available at https://immigrantjustice.org/referral-form-castanon-nava-settlement-violations-formulario-de-remision-sobre-violaciones-del-acuerdo-castanon-nava/ (last accessed October 30, 2025).

8

Further, the Court's order [3] that the Government cannot remove Petitioner from the jurisdiction or transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin remains in effect so long as Petitioner is in Respondents' custody.

E N T E R:

Dated: October 31, 2025

*Mary M Rowland*